1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| JAMES K. MELROD, | ) | Case No. 06cv1634-BEN (BLM) |
|---|---|---|
| Plaintiff, | ) ) | **ORDER FOLLOWING EARLY NEUTRAL** |
| v. | ) ) | **EVALUATION CONFERENCE, SETTING** **RULE 26 COMPLIANCE AND ORDER** |
| | ) ) | **REGULATING DISCOVERY AND OTHER** |
| OFFICER LUCAS BEHNE, and Does 1 through 20, | ) ) | **PRETRIAL PROCEEDINGS** |
| | ) | (Fed. R. Civ. P. 16) |
| Defendants. | ) ) | (Local Rule 16.1) (Fed. R. Civ. P. 26) |
| | ) ) | |

On January 17, 2007 at 1:30 p.m. the Court held a telephonic, attorneys-only Early Neutral Evaluation Conference (ENE) in the above-entitled action. Appearing were James Dunn on behalf of plaintiff and David Taglienti on behalf of defendants.

Settlement of the case could not be reached at the ENE and the Court therefore discussed compliance with Rule 26 of the Federal Rules of Civil Procedure. Based thereon and good cause appearing, the Court issues the following orders:

1. Any objections made to initial disclosure pursuant to Rule 26(a)(1)(A-D) are overruled, and the parties are ordered to proceed with the initial disclosure process. Any further objections to initial

disclosure will be resolved as required by Rule 26;

2.    The Rule 26(f) conference shall be completed on or before **January 31, 2007**;

3.    Initial disclosures pursuant to Rule 26(a)(1)(A-D) shall occur on or before **February 9, 2007**;

4.    Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before **March 9, 2007**.

5.    Each party shall serve on all opposing parties a list of experts, whom that party expects to call at trial, on or before **May 18, 2007**.   Each party may supplement its designation in response to the other party's designation no later than **June 1, 2007**.   Expert designations shall include the name, address, and telephone number of each expert and a reasonable summary of the testimony the expert is expected to provide.   The list shall also include the normal rates the expert charges for deposition and trial testimony.

The parties must identify <u>any</u> person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence.   This requirement is <u>not</u> limited to retained experts.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

6.    All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before **July 6, 2007**.   Any contradictory or rebuttal information shall be disclosed on or before **July 27, 2007.**   In addition, Fed. R. Civ. P. 26(e)(1) imposes a duty on the parties to supplement the expert disclosures made pursuant to Fed. R. Civ. P. 26(a)(2)(B) by the time that pretrial disclosures are due

1 │ under Fed. R. Civ. P. 26(a)(3) (discussed below).

2 │      The parties are advised to consult with Fed. R. Civ. P. 26(a)(2)

3 │ regarding expert disclosures.  Such disclosures shall include an expert

4 │ report, all supporting materials, a complete statement of all opinions

5 │ to be expressed and the basis and reasons therefore, the data or other

6 │ information considered by the expert in forming the opinions, any

7 │ exhibits to be used as a summary of or as support for the opinions, the

8 │ qualifications of the witness including a list of all publications

9 │ authored by the witness within the preceding ten years, the compensation

10 │ to be paid for the study and testimony, and a list of other cases in

11 │ which the witness has testified as an expert at trial or by deposition

12 │ within the preceding four years.

13 │      This disclosure requirement applies to all persons retained or

14 │ specially employed to provide expert testimony <u>or</u> whose duties as an

15 │ employee of the party regularly involve the giving of expert testimony.

16 │      **Please be advised that failure to comply with this section or any**

17 │ **other discovery order of the Court may result in the sanctions provided**

18 │ **for in Fed. R. Civ. P. 37, including a prohibition on the introduction**

19 │ **of experts or other designated matters in evidence.**

20 │      7.   All discovery shall be completed on or before **<u>September 14,</u>**

21 │ **<u>2007</u>**.  "Completed" means that all discovery under Rules 30-36 of the

22 │ Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45,

23 │ must be initiated a sufficient period of time in advance of the cut-off

24 │ date, <u>so that it may be completed by the cut-off date</u>, taking into

25 │ account the times for service, notice, and response as set forth in the

26 │ Federal Rules of Civil Procedure.

27 │ ///

28 │ ///

Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Civil Local Rules 16.5(k) and 26.1(a). **All discovery motions shall be filed within thirty (30) days after counsel have met and conferred and reached an impasse with regard to any particular discovery issue, but in no event shall discovery motions be filed more than sixty (60) days after the date upon which the event giving rise to the discovery dispute occurred.** For oral discovery, the event giving rise to the discovery dispute is the completion of the transcript of the affected portion of the deposition. For written discovery, the event giving rise to the discovery dispute is either the service of the response, or, if no response was served, the initial date the response was due. **In addition, all discovery motions must be filed within thirty (30) days after the close of discovery.**

8.   All other pretrial motions must be filed on or before **October 19, 2007**. Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion. Failure to timely request a motion date may result in the motion not being heard. <u>Motions will not be heard unless you have obtained a date from the judge's law clerk</u>.

Questions regarding this case should be directed to the judge's law clerk. The Court draws the parties' attention to Local Rule 7.1(e)(4) which requires that the parties allot <u>additional time for service of motion papers by mail</u>. Papers not complying with this rule shall not be accepted for filing.

Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of the judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without leave of the judge who will hear the motion.

4

Pursuant to <u>Local Rule</u> 7.1(f)(1), when filing a Motion for Summary Judgment and/or Adjudication, Defendants **shall** file, and serve on Plaintiff, a separate statement setting forth plainly and concisely all material facts which they contend are undisputed.  Each of the material facts stated shall be followed by a reference to the supporting evidence.  Further, Plaintiff **shall** file, and serve on Defendants, a separate statement that responds to each of the material facts contended by Defendants to be undisputed, indicating whether the opposing party agrees or disagrees that those facts are undisputed.  The statement also shall set forth plainly and concisely any other material facts that the opposing party contends are disputed.  Each material fact contended by the opposing party to be disputed shall be followed by a reference to the supporting evidence.

9.  A Mandatory Settlement Conference shall be conducted on **May 2, 2007** at **9:30 a.m.** in the chambers of Magistrate Judge Barbara L. Major located at **940 Front Street, Suite 5140, San Diego, CA 92101**.  All discussions at the Mandatory Settlement Conference will be informal, off the record, privileged, and confidential.  Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

a.  **<u>Personal Appearance of Parties Required</u>**:  All parties, adjusters for insured defendants, and other representatives of a party having full and complete authority to enter into a binding settlement, as well as the principal attorneys responsible for the litigation, must be present **in person** and legally and factually prepared to discuss settlement of the case.  <u>Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the</u>

<u>immediate termination of the conference.</u>

Unless there are extraordinary circumstances, persons required to attend the conference pursuant to this Order shall not be excused from personal attendance. **Requests for excuse from attendance for extraordinary circumstances shall be made <u>in writing</u> at least seventy-two (72) hours prior to the conference.** Failure to appear <u>in person</u> at the Mandatory Settlement Conference will be grounds for sanctions.

b. **<u>Full Settlement Authority Required</u>**: In addition to counsel who will try the case, a party or party representative with <u>full settlement authority</u>[1] must be present for the conference. In the case of a corporate entity, an authorized representative of the corporation who is not retained outside counsel must be present and must have discretionary authority to commit the company to pay an amount up to the amount of the Plaintiff's prayer (excluding punitive damages prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior. <u>Counsel for a government entity may be excused from this requirement so long as the government attorney who attends the Mandatory Settlement Conference (1) has primary responsibility for handling the case, and (2) may negotiate settlement offers which the</u>

---

[1] "Full settlement authority" means that the individuals at the settlement conference must be authorized to explore settlement options fully and to agree at that time to any settlement terms acceptable to the parties. <u>Heileman Brewing Co. v. Joseph Oat Corp.</u>, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. <u>Pitman v. Brinker Int'l, Inc.</u>, 216 F.R.D. 481, 485-86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face to face conference. <u>Id.</u> at 486. A limited or a sum certain of authority is not adequate. <u>See</u> Nick v. Morgan's Foods, Inc., 270 F.3d 590, 595-97 (8th Cir. 2001).

1  attorney is willing to recommend to the government official having

2  ultimate settlement authority.

3         c.  **Confidential Settlement Statements Required**:  No later

4  than **April 25, 2007**, the parties shall submit directly to Magistrate

5  Judge Major's chambers confidential settlement statements no more than

6  five (5) pages in length.  **These confidential statements shall not be**

7  **filed or served on opposing counsel.**  Each party's confidential

8  statement must include the following:

9         (i)  A brief description of the case, the claims and/or

10  counterclaims asserted, and the applicable defenses or position

11  regarding the asserted claims;

12        (ii) A specific and current demand or offer for

13  settlement addressing all relief or remedies sought.  If a specific

14  demand or offer for settlement cannot be made at the time the brief is

15  submitted, then the reasons therefore must be stated along with a

16  statement as to when the party will be in a position to state a demand

17  or make an offer; and

18        (iii)  A brief description of any previous settlement

19  negotiations, mediation sessions, or mediation efforts.

20    General statements that a party will "negotiate in good faith" is

21  not a specific demand or offer contemplated by this Order.  It is

22  assumed that all parties will negotiate in good faith.

23        d.  **Requests to Continue a Mandatory Settlement Conference**:

24  Any request to continue the Mandatory Settlement Conference or request

25  for relief from any of the provisions or requirements of this Order must

26  be sought by a **written *ex parte* application**.  The application must (1)

27  be supported by a declaration of counsel setting forth the reasons and

28  justifications for the relief requested, (2) confirm compliance with

Civil Local Rule 26.1, and (3) report the position of opposing counsel or any unrepresented parties subject to the Order.

**If the case is settled in its entirety before the scheduled date of the conference, counsel and any unrepresented parties must still appear in person, unless a written joint motion confirming the complete settlement of the case is submitted no less than twenty-four (24) hours before the scheduled conference.**

10.  The parties must comply with the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3) no later than **January 22, 2008**. The parties should consult Fed. R. Civ. P. 26(a)(3) for the substance of the required disclosures.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of designated matters in evidence.**

11.  Counsel shall serve on each other and lodge directly with Judge Benitez's chambers their Memoranda of Contentions of Fact and Law in compliance with Local Rule 16.1(f)(2) on or before **January 22, 2008**.

12.  Counsel shall confer and take the action required by Local Rule 16.1(f)(4) on or before **January 28, 2008**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment, lists of witnesses and their addresses including experts who will be called to testify, and written contentions of applicable facts and law. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(2)(c). Counsel shall cooperate in the preparation of the proposed final pretrial conference order.

13.  The proposed final pretrial conference order, including written objections, if any, to any party's Fed. R. Civ. P. 26(a)(3) pretrial disclosures, shall be prepared, served, and submitted to the Clerk's Office on or before **February 4, 2008** and shall be in the form prescribed in and in compliance with Local Rule 16.1(f)(6).  **In addition, the parties shall include in the proposed pretrial order a statement to be read to the jury, not in excess of one page, of the nature of the case and the claims and defenses**.  Any objections to pretrial disclosures shall comply with the requirements of Fed. R. Civ. P. 26(a)(3).  **Please be advised that the failure to file written objections to a party's pretrial disclosures may result in the waiver of such objections, with the exception of those made pursuant to Rules 402 (relevance) and 403 (prejudice, confusion or waste of time) of the Federal Rules of Evidence.**

14.  The final pretrial conference is scheduled on the calendar of the Honorable Roger T. Benitez on **February 11, 2008** at **10:30 a.m.**  The trial date will be assigned by Judge Benitez at the pretrial conference.

15.  The dates and times set forth herein will not be modified except for good cause shown.

16.  Plaintiff's(s') counsel shall serve a copy of this order on all parties that enter this case hereafter.

DATED:  January 18, 2007

Barbara Major

BARBARA L. MAJOR
United States Magistrate Judge

COPY TO:

HONORABLE ROGER T. BENITEZ
UNITED STATES DISTRICT JUDGE

ALL COUNSEL